# UNITD STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**0 4    1 2 0 1 9   EFH** CIVIL ACTION No.

DENNIS SENA,                          )
                                      )
    Plaintiff        MAGISTRATE JUDGE _RBC_
                                      )
                                      )
MASSACHUSETTS BAY                     )     **COMPLAINT AND JURY DEMAND**
  TRANSPORTATION AUTHORITY and )
RICHARD SULLIVAN and                  )
JOHN DOES 1-10,                       )
                                      )
    Defendants       )
                                      )

RECEIPT # _58775_
AMOUNT $ _150_
SUMMONS ISSUED _Yes_
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _Tom_
DATE _9/20/04_

## PARTIES

1.  The Plaintiff is a citizen of the United States and of the Commonwealth of Massachusetts.

2.  The Defendant, Massachusetts Bay Transportation Authority ("MBTA") is an independent body politic and corporate, and a political subdivision of the Commonwealth of Massachusetts.

3.  Upon information and belief, the Defendant, Richard Sullivan ("Sullivan"), is a citizen of the United States and of the Commonwealth of Massachusetts.

4.  Upon information and belief, the Defendants, John Does 1-10 ("Does"), are citizens of the United States and of the Commonwealth of Massachusetts, and whose identities are currently unknown to the Plaintiff.

5.  At all times material hereto, Defendants Sullivan and Does were employees, servants, and/or agents of Defendant MBTA, and were acting within the course and scope of their employment as duly appointed police officers, and under color of law.

## JURISDICTION AND VENUE

6.  Jurisdiction over this action lies in this Court pursuant to the provisions of Title 42, Section 1983, and Title 28, Section 1331, of the United States Code.

7.  Venue is proper in this Court pursuant to the provisions of Title 28, Section 1391(b) of the United States Code.

## GENERAL ALLEGATIONS

8.  On or about December 3, 2001, the Plaintiff was operating a motor vehicle on a public way in Boston, Massachusetts.

9.  On or about December 3, 2001, Defendant Sullivan, while acting within the course and scope of his employment, and under color of law, detained the Plaintiff and placed the Plaintiff under arrest.

10. In the course of placing the Plaintiff under arrest, Defendant Sullivan used excessive and unnecessary force upon the Plaintiff's person in an unreasonable manner and without excuse, justification, or consent.

11. Defendant Sullivan's excessive and unnecessary force upon the Plaintiff's directly and proximately resulted in physical injury to the Plaintiff to such an extent to objectively require emergency medical care.

12. At all times material hereto, the Plaintiff was in the exercise of due care.

13. After the time of the arrest, Defendant Sullivan transported the Plaintiff to Defendant MBTA's headquarters.

14. While the Plaintiff was on the premises of Defendant MBTA's headquarters, Defendants Sullivan and Does unlawfully and unreasonably delayed and/or impeded the rendering of necessary, proper, timely, and emergent medical care to the Plaintiff.

15. As a direct and proximate result of the Defendants' unlawful acts and/or omissions, the Plaintiff was caused to suffer, and did suffer, compensable injuries and damages.

16. The Defendants' conduct was motivated by evil motive or intent, and/or involved reckless or callous indifference to the federally protected rights of others, including the Plaintiff.

## COUNT I—VIOLATION OF TITLE 42, SECTION 1983 OF THE UNITED STATES CODE

### (PLAINTIFF v. MBTA)

17. The Plaintiff incorporates herein by reference Paragraphs 1-16, above.

18. At all times material hereto, the Defendant, by and through its agents, servants, and/or employees, and while acting under the color of law, deprived the Plaintiff of the exercise and/or enjoyment of the Plaintiff's civil rights as guaranteed and secured by the Constitution and/or laws of the United States.

19. As a direct and proximate result of the Defendant's unlawful deprivation of the Plaintiff's civil rights, the Plaintiff was caused to suffer, and did suffer, compensable injuries and damages, including bodily harm and the deprivation of the Plaintiff's civil rights, along with other compensable losses, for which the Plaintiff is entitled to be compensated by the Defendant.

   **WHEREFORE**, the Plaintiff, Dennis Sena, demands judgment as against the Defendant, Massachusetts Bay Transportation Authority, in full, fair, adequate, and equitable amount to compensate the Plaintiff for all of the Plaintiff's incident-related injuries and losses, together with punitive damages, reasonable attorney's fees, interest, and costs.

## COUNT II—VIOLATION OF CHAPTER 12, SECTIONS 11H AND 11I OF THE MASSACHUSETTS GENERAL LAWS

### (PLAINTIFF v. MBTA)

20. The Plaintiff incorporates herein by reference Paragraphs 1-19, above.

21. At all times material hereto, the Defendant, by and through its agents, servants, and/or employees, interfered or attempted to interfere, by threats, intimidation, or coercion, with the Plaintiff's exercise and/or enjoyment of the Plaintiff's civil rights as guaranteed and secured by the Constitution or laws of the United States, or of the Plaintiff's rights as guaranteed and secured by the Constitution or laws of the Commonwealth.

22. As a direct and proximate result of the Defendant's threats, intimidation, or coercion of the Plaintiff, the Plaintiff was caused to suffer caused to suffer, and did suffer, compensable injuries and damages, including bodily harm and the deprivation of the Plaintiff's civil rights, along with other compensable losses, for which the Plaintiff is entitled to be compensated by the Defendant.

   **WHEREFORE**, the Plaintiff, Dennis Sena, demands judgment as against the Defendant, Massachusetts Bay Transportation Authority, in full, fair, adequate, and equitable amount to compensate the Plaintiff for all of the Plaintiff's incident-related injuries and losses, together with reasonable attorney's fees, interest, and costs.

## COUNT III—NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### (PLAINTIFF v. MBTA)

23.   The Plaintiff incorporates herein by reference Paragraphs 1-22, above.

24.   As a direct and proximate result of the Defendant's negligent acts and/or omissions, by and through its agents, servants, and/or employees, the Plaintiff was caused to suffer, and did suffer, damages, including emotional distress, along with other compensable losses, for which the Plaintiff is entitled to be compensated by the Defendant.

25.   As a direct and proximate result of, or in conjunction with, the Plaintiff's emotional distress, the Plaintiff was caused to suffer, and did suffer, physical harm, along with other compensable losses, for which the Plaintiff is entitled to be compensated by the Defendant.

   **WHEREFORE**, the Plaintiff, Dennis Sena, demands judgment as against the

Defendant, Massachusetts Bay Transportation Authority, in full, fair, and adequate

amount to compensate the Plaintiff for all of the Plaintiff's incident-related injuries and

losses, together with interest and costs.

## COUNT IV—INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (PLAINTIFF V. MBTA)

26.   The Plaintiff incorporates herein by reference Paragraphs 1-25, above.

27.   At all times material hereto, the Defendant, by and through its agents, servants, and/or employees, intended to inflict emotional distress on the Plaintiff, or knew or in the exercise of due care should have known, that emotional distress would be the likely result of the Defendant's conduct.

28.   At all times material hereto, the Defendant's conduct, by and through its agents, servants, and/or employees, was extreme and outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community.

29.   As a direct and proximate result of the Defendant's conduct, by and through its agents, servants, and/or employees, the Plaintiff was caused to suffer, and did suffer, severe emotional distress of such a nature that no reasonable person in the Plaintiff's circumstances could be expected to endure it.

30. The Plaintiff is entitled to be compensated by the Defendant for the Plaintiff's severe emotional distress, along with other compensable losses.

**WHEREFORE**, the Plaintiff, Dennis Sena, demands judgment as against the Defendant, Massachusetts Bay Transportation Authority, in full, fair, and adequate amount to compensate the Plaintiff for all of the Plaintiff's incident-related injuries and losses, together with interest and costs.

## COUNT V—CIVIL ASSAULT

## (PLAINTIFF v. MBTA)

31. The Plaintiff incorporates herein by reference Paragraphs 1-30, above.

32. At all times material hereto, the Defendant, by and through its agents, servants, and/or employees, and without excuse, justification, or consent, intended to make the Plaintiff apprehensive of, and did make the Plaintiff apprehensive of, immediate physical harm to the Plaintiff's person.

33. As a direct and proximate result of the Defendant's assault of the Plaintiff, the Plaintiff was caused to suffer damages, including emotional distress, along with other compensable losses, for which the Plaintiff is entitled to be compensated by the Defendant.

**WHEREFORE**, the Plaintiff, Dennis Sena, demands judgment as against the Defendant, Massachusetts Bay Transportation Authority, in full, fair, and adequate amount to compensate the Plaintiff for all of the Plaintiff's incident-related injuries and losses, together with interest and costs.

## COUNT VI—CIVIL BATTERY

### (PLAINTIFF v. MBTA)

34. The Plaintiff incorporates herein by reference Paragraphs 1-33, above.

35. At all times material hereto, the Defendant, by and through its agents, servants, and/or employees, and without excuse, justification, or consent, intended to cause, and as a direct or indirect result thereof did cause, a harmful or offensive contact with the person of the Plaintiff.

36. As a direct and proximate result of the Defendant's battery of the Plaintiff, the Plaintiff was caused to suffer damages, including physical harm, along with other compensable losses, for which the Plaintiff is entitled to be compensated by the Defendant.

   **WHEREFORE**, the Plaintiff, Dennis Sena, demands judgment as against the Defendant, Massachusetts Bay Transportation Authority, in full, fair, and adequate amount to compensate the Plaintiff for all of the Plaintiff's incident-related injuries and losses, together with interest and costs.

## COUNT VII—NEGLIGENCE

### (PLAINTIFF v. MBTA)

37. The Plaintiff incorporates herein by reference Paragraphs 1-36, above.

38. At all times material hereto, the Defendant owed to the Plaintiff the duty of due care under the circumstances.

39. At all times material hereto, the Defendant, by and through its agents, servants, and/or employees, was negligent and careless as to the Plaintiff with regard to its hiring, supervision, training, and/or retention of Defendants Sullivan and Does, and by virtue of the negligent acts and/or omissions of Defendants Sullivan and Does, as agents, servants, and/or employees of the Defendant.

40. The Defendant's acts and/or omissions, by and through its agents, servants, and/or employees, constitute a breach of the duty of due care owed to the Plaintiff.

41. As a direct and proximate result of the Defendant's breach of the duty of due care, and of the Defendant's negligence and carelessness, the Plaintiff was caused to suffer, and did suffer, damages, including bodily harm, along with other compensable losses, for which the Plaintiff is entitled to be compensated by the Defendant.

**WHEREFORE**, the Plaintiff, Dennis Sena, demands judgment as against the Defendant, Massachusetts Bay Transportation Authority, in full, fair, and adequate amount to compensate the Plaintiff for all of the Plaintiff's incident-related injuries and losses, together with interest and costs.

## COUNT VIII—VIOLATION OF TITLE 42, SECTION 1983 OF THE UNITED STATES CODE

### (PLAINTIFF v. SULLIVAN)

42. The Plaintiff incorporates herein by reference Paragraphs 1-41, above.

43. At all times material hereto, the Defendant, while acting under the color of law, deprived the Plaintiff of the exercise and/or enjoyment of the Plaintiff's civil rights as guaranteed and secured by the Constitution and/or laws of the United States.

44. As a direct and proximate result of the Defendant's unlawful deprivation of the Plaintiff's civil rights, the Plaintiff was caused to suffer, and did suffer, compensable injuries and damages, including bodily harm and the deprivation of the Plaintiff's civil rights, along with other compensable losses, for which the Plaintiff is entitled to be compensated by the Defendant.

**WHEREFORE**, the Plaintiff, Dennis Sena, demands judgment as against the Defendant, Richard Sullivan, in full, fair, adequate, and equitable amount to compensate the Plaintiff for all of the Plaintiff's incident-related injuries and losses, together with punitive damages, reasonable attorney's fees, interest, and costs.

## COUNT IX—VIOLATION OF CHAPTER 12, SECTIONS 11H AND 11I OF THE MASSACHUSETTS GENERAL LAWS

### (PLAINTIFF v. SULLIVAN)

45. The Plaintiff incorporates herein by reference Paragraphs 1-44, above.

46. At all times material hereto, the Defendant interfered or attempted to interfere, by threats, intimidation, or coercion, with the Plaintiff's exercise and/or enjoyment of the Plaintiff's civil rights as guaranteed and secured by the Constitution or laws of the United States, or of the Plaintiff's rights as guaranteed and secured by the Constitution or laws of the Commonwealth.

47. As a direct and proximate result of the Defendant's threats, intimidation, or coercion of the Plaintiff, the Plaintiff was caused to suffer caused to suffer, and did suffer, compensable injuries and damages, including bodily harm and the deprivation of the Plaintiff's civil rights, along with other compensable losses, for which the Plaintiff is entitled to be compensated by the Defendant.

WHEREFORE, the Plaintiff, Dennis Sena, demands judgment as against the Defendant, Richard Sullivan, in full, fair, adequate, and equitable amount to compensate the Plaintiff for all of the Plaintiff's incident-related injuries and losses, together with reasonable attorney's fees, interest, and costs.

## COUNT X—NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### (PLAINTIFF v. SULLIVAN)

48. The Plaintiff incorporates herein by reference Paragraphs 1-47, above.

49. As a direct and proximate result of the Defendant's negligent acts and/or omissions, the Plaintiff was caused to suffer, and did suffer, damages, including emotional distress, along with other compensable losses, for which the Plaintiff is entitled to be compensated by the Defendant.

50. As a direct and proximate result of, or in conjunction with, the Plaintiff's emotional distress, the Plaintiff was caused to suffer, and did suffer, physical harm, along with other compensable losses, for which the Plaintiff is entitled to be compensated by the Defendant.

**WHEREFORE**, the Plaintiff, Dennis Sena, demands judgment as against the Defendant, Richard Sullivan, in full, fair, and adequate amount to compensate the Plaintiff for all of the Plaintiff's incident-related injuries and losses, together with interest and costs.

## COUNT XI—INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## (PLAINTIFF V. SULLIVAN)

51.    The Plaintiff incorporates herein by reference Paragraphs 1-50, above.

52.    At all times material hereto, the Defendant intended to inflict emotional distress on the Plaintiff, or knew or in the exercise of due care should have known, that emotional distress would be the likely result of the Defendant's conduct.

53.    At all times material hereto, the Defendant's conduct was extreme and outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community.

54.    As a direct and proximate result of the Defendant's conduct, the Plaintiff was caused to suffer, and did suffer, severe emotional distress of such a nature that no reasonable person in the Plaintiff's circumstances could be expected to endure it.

55.    The Plaintiff is entitled to be compensated by the Defendant for the Plaintiff's severe emotional distress, along with other compensable losses.

**WHEREFORE**, the Plaintiff, Dennis Sena, demands judgment as against the Defendant, Richard Sullivan, in full, fair, and adequate amount to compensate the Plaintiff for all of the Plaintiff's incident-related injuries and losses, together with interest and costs.

## COUNT XII—CIVIL ASSAULT

### (PLAINTIFF v. SULLIVAN)

56. The Plaintiff incorporates herein by reference Paragraphs 1-55, above.

57. At all times material hereto, the Defendant, without excuse, justification, or consent, intended to make the Plaintiff apprehensive of, and did make the Plaintiff apprehensive of, immediate physical harm to the Plaintiff's person.

58. As a direct and proximate result of the Defendant's assault of the Plaintiff, the Plaintiff was caused to suffer damages, including emotional distress, along with other compensable losses, for which the Plaintiff is entitled to be compensated by the Defendant.

   **WHEREFORE**, the Plaintiff, Dennis Sena, demands judgment as against the

Defendant, Richard Sullivan, in full, fair, and adequate amount to compensate the

Plaintiff for all of the Plaintiff's incident-related injuries and losses, together with interest

and costs.

## COUNT XIII—CIVIL BATTERY

### (PLAINTIFF v. SULLIVAN)

59. The Plaintiff incorporates herein by reference Paragraphs 1-58, above.

60. At all times material hereto, the Defendant, without excuse, justification, or consent, intended to cause, and as a direct or indirect result thereof did cause, a harmful or offensive contact with the person of the Plaintiff.

61. As a direct and proximate result of the Defendant's battery of the Plaintiff, the Plaintiff was caused to suffer damages, including physical harm, along with other compensable losses, for which the Plaintiff is entitled to be compensated by the Defendant.

WHEREFORE, the Plaintiff, Dennis Sena, demands judgment as against the Defendant, Richard Sullivan, in full, fair, and adequate amount to compensate the Plaintiff for all of the Plaintiff's incident-related injuries and losses, together with interest and costs.

## COUNT XIV—NEGLIGENCE

## (PLAINTIFF v. SULLIVAN)

62.  The Plaintiff incorporates herein by reference Paragraphs 1-61, above.

63.  At all times material hereto, the Defendant owed to the Plaintiff the duty of due care under the circumstances.

64.  At all times material hereto, the Defendant was negligent and careless as to the Plaintiff.

65.  The Defendant's acts and/or omissions constitute a breach of the duty of due care owed to the Plaintiff.

66.  As a direct and proximate result of the Defendant's breach of the duty of due care, and of the Defendant's negligence and carelessness, the Plaintiff was caused to suffer, and did suffer, injuries and damages, including bodily harm, along with other compensable losses, for which the Plaintiff is entitled to be compensated by the Defendant.

WHEREFORE, the Plaintiff, Dennis Sena, demands judgment as against the Defendant, Richard Sullivan, in full, fair, and adequate amount to compensate the Plaintiff for all of the Plaintiff's incident-related injuries and losses, together with interest and costs.

## COUNT XV—VIOLATION OF TITLE 42, SECTION 1983
## OF THE UNITED STATES CODE

### (PLAINTIFF v. DOES 1-10)

67. The Plaintiff incorporates herein by reference Paragraphs 1-66, above.

68. At all times material hereto, the Defendants, while acting under the color of law, deprived the Plaintiff of the exercise and/or enjoyment of the Plaintiff's civil rights as guaranteed and secured by the Constitution and/or laws of the United States.

69. As a direct and proximate result of the Defendants' unlawful deprivation of the Plaintiff's civil rights, the Plaintiff was caused to suffer, and did suffer, compensable injuries and damages, including bodily harm and the deprivation of the Plaintiff's civil rights, along with other compensable losses, for which the Plaintiff is entitled to be compensated by the Defendants.

**WHEREFORE**, the Plaintiff, Dennis Sena, demands judgment as against the Defendants, John Does 1-10, in full, fair, adequate, and equitable amount to compensate the Plaintiff for all of the Plaintiff's incident-related injuries and losses, together with punitive damages, reasonable attorney's fees, interest, and costs.

## COUNT XVI—VIOLATION OF CHAPTER 12, SECTIONS 11H AND 11I
## OF THE MASSACHUSETTS GENERAL LAWS

### (PLAINTIFF v. DOES 1-10)

70. The Plaintiff incorporates herein by reference Paragraphs 1-69, above.

71. At all times material hereto, the Defendants interfered or attempted to interfere, by threats, intimidation, or coercion, with the Plaintiff's exercise and/or enjoyment of the Plaintiff's civil rights as guaranteed and secured by the Constitution or laws of the United States, or of the Plaintiff's rights as guaranteed and secured by the Constitution or laws of the Commonwealth.

72. As a direct and proximate result of the Defendants' threats, intimidation, or coercion of the Plaintiff, the Plaintiff was caused to suffer caused to suffer, and did suffer, compensable injuries and damages, including bodily harm and the deprivation of the Plaintiff's civil rights, along with other compensable losses, for which the Plaintiff is entitled to be compensated by the Defendants.

WHEREFORE, the Plaintiff, Dennis Sena, demands judgment as against the Defendants, John Does 1-10, in full, fair, adequate, and equitable amount to compensate the Plaintiff for all of the Plaintiff's incident-related injuries and losses, together with reasonable attorney's fees, interest, and costs.

## COUNT XVII—NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### (PLAINTIFF v. DOES 1-10)

73.    The Plaintiff incorporates herein by reference Paragraphs 1-72, above.

74.    As a direct and proximate result of the Defendants' negligent acts and/or omissions, the Plaintiff was caused to suffer, and did suffer, damages, including emotional distress, along with other compensable losses, for which the Plaintiff is entitled to be compensated by the Defendants.

75.    As a direct and proximate result of, or in conjunction with, the Plaintiff's emotional distress, the Plaintiff was caused to suffer, and did suffer, physical harm, along with other compensable losses, for which the Plaintiff is entitled to be compensated by the Defendants.

WHEREFORE, the Plaintiff, Dennis Sena, demands judgment as against the Defendants, John Does 1-10, in full, fair, and adequate amount to compensate the Plaintiff for all of the Plaintiff's incident-related injuries and losses, together with interest and costs.

## COUNT XVIII—INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (PLAINTIFF V. DOES 1-10)

76.    The Plaintiff incorporates herein by reference Paragraphs 1-75, above.

77.    At all times material hereto, the Defendants intended to inflict emotional distress on the Plaintiff, or knew or in the exercise of due care should have known, that emotional distress would be the likely result of the Defendants' conduct.

78. At all times material hereto, the Defendants' conduct was extreme and outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community.

79. As a direct and proximate result of the Defendants' conduct, the Plaintiff was caused to suffer, and did suffer, severe emotional distress of such a nature that no reasonable person in the Plaintiff's circumstances could be expected to endure it.

80. The Plaintiff is entitled to be compensated by the Defendants for the Plaintiff's severe emotional distress, along with other compensable losses.

**WHEREFORE**, the Plaintiff, Dennis Sena, demands judgment as against the Defendants, John Does 1-10, in full, fair, and adequate amount to compensate the Plaintiff for all of the Plaintiff's incident-related injuries and losses, together with interest and costs.

## COUNT XIX—NEGLIGENCE

### (PLAINTIFF v. DOES 1-10)

81. The Plaintiff incorporates herein by reference Paragraphs 1-80, above.

82. At all times material hereto, the Defendants owed to the Plaintiff the duty of due care under the circumstances.

83. At all times material hereto, the Defendants were negligent and careless as to the Plaintiff.

84. The Defendants' acts and/or omissions constitute a breach of the duty of due care owed to the Plaintiff.

85. As a direct and proximate result of the Defendants' breach of the duty of due care, and of the Defendants' negligence and carelessness, the Plaintiff was caused to suffer, and did suffer, injuries and damages, including bodily harm, along with other compensable losses, for which the Plaintiff is entitled to be compensated by the Defendants.

**WHEREFORE**, the Plaintiff, Dennis Sena, demands judgment as against the Defendants, John Does 1-10, in full, fair, and adequate amount to compensate the Plaintiff for all of the Plaintiff's incident-related injuries and losses, together with interest and costs.

## JURY DEMAND

The Plaintiff hereby demands his right to a trial by jury of all claims so triable asserted at any time, and of all defenses asserted at any time by any current or future-named defendant.

Respectfully submitted,

The Plaintiff,
By his Attorneys,

Jeffrey A. Denner
BBO# 120520
Gary G. Pelletier
BBO# 631752
Denner • O'Malley LLP
4 Longfellow Place
35th Floor
Boston, MA 02114
(617) 227-2800

Dated:  September 17, 2004