UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS SENA, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 04-12019-EFH |
| ) | |
| MASSACHUSETTS BAY ) | |
| TRANSPORTATION AUTHORITY, ) | |
| RICHARD SULLIVAN and ) | |
| JOHN DOES 1-10, ) | |
| ) | |
| Defendants ) | |

## MOTION OF MBTA DEFENDANTS
## FOR JUDGMENT ON THE PLEADINGS

Defendants Massachusetts Bay Transportation Authority ("MBTA"), Richard Sullivan ("Sullivan") and John Does 1-10 ("Does 1-10") (all defendants hereafter may be collectively referred to as the "MBTA Defendants") hereby move, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, to dismiss Counts III – VII, X-XIV, and XVII – XIX of the Complaint.

As grounds therefore, the MBTA Defendants state as follows:

1. The aforementioned counts in the Complaint are all Massachusetts state common law torts directed against the MBTA Defendants. The Complaint in its face states that the incident giving rise to these claims occurred on December 3, 2001. The date of filing this Complaint was September 17, 2004, well over two years after the original incident.

2. The MBTA Statute of Limitations, M.G.L. c. 161A, § 38 provides that all claims for personal injury directed against the MBTA must be filed within two years of the date of injury. All MBTA Defendants are covered by the MBTA Statute of Limitations with respect to common law torts filed against them. See Hearn v. MBTA, 389 Mass. 404, 450 N.E.2d 602 (1983) (MBTA covered); Walker v. MBTA, 24 Mass. App. Ct. 8, 505 N.E.2d 566 (1987)

(MBTA employees covered). See also Lavecchia v. MBTA, 441 Mass. 240, 804 N.E.2d 932 (2004).

3.  The MBTA's position is set forth in greater detail in the accompanying Memorandum of Law in Support of Motion for Judgment on the Pleadings.

### < REQUEST FOR ORAL ARGUMENT >

Should this motion be opposed, the MBTA Defendants would request approximately 15-20 minutes total time for oral argument.

WHEREFORE, the MBTA Defendants respectfully request that Counts III – VII, X – XIV, and XVII – XIX be dismissed with prejudice.

MASSACHUSETTS BAY
TRANSPORTATION AUTHORITY,
RICHARD SULLIVAN and
JOHN DOES 1-10,

By their attorney,

_____
Jonathan P. Feltner
BBO #162560
MBTA Law Department
Ten Park Plaza
Boston, MA. 02116
(617) 222-3175

Dated: January 25, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS SENA,<br><br>    Plaintiff<br><br>v.<br><br>MASSACHUSETTS BAY<br>TRANSPORTATION AUTHORITY,<br>RICHARD SULLIVAN and<br>JOHN DOES 1-10,<br><br>    Defendants | )<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION NO. 04-12019-EFH<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OF LAW IN SUPPORT
## OF MBTA DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

### I.   INTRODUCTION

Codefendants Massachusetts Bay Transportation Authority ("MBTA"), Richard Sullivan ("Sullivan") and John Does 1-10 ("Does 1-10") (all defendants may hereafter be collectively referred to as the "MBTA Defendants"), have moved for judgment on the pleadings concerning various counts of the Complaint of Plaintiff Dennis Sena ("Sena"), pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

The MBTA Defendants' argument is straightforward. Plaintiff's Complaint was filed on September 17, 2004. It alleges a series of counts, predicated upon an incident that occurred on December 3, 2001. Several of these counts – specifically Counts III-VII against the MBTA, Counts X-XIV against Sullivan, and Counts XVII – XIX against Does 1-10 – are common law torts only actionable against the MBTA Defendants under the MBTA enabling statute, M.G.L. c. 161A. Section 38 of Chapter 161A bars all such claims asserted more than two years after the

date of injury and, as such, all the aforementioned claims must be dismissed pursuant to MBTA Statute of Limitations.

II.  ARGUMENT

  A.  Claims Against the MBTA

Sena alleged various claims against the MBTA following a confrontation with the MBTA police on December 3, 2001, during which Sena was arrested for unlawfully carrying of a firearm, assault and battery on a police officer, resulting arrest, and possession of drugs. (He later plead guilty to certain of these charges.)  Sena has asserted claims based upon a purported violation of federal civil rights (Count I), violation of state civil rights (Count II), negligent infliction of emotional distress (Count III), intentional infliction of emotional distress (Count IV), civil assault (Count V), civil battery (Count VI), and negligence (Count VII).  Without waiving any argument concerning Counts I and II,[1] the remaining counts directed against the MBTA are all common law torts and actionable against the MBTA pursuant to its enabling statute, M.G.L. c. 161A, § 38.

Section 38 provides as follows:

The authority [MBTA] shall be liable in tort to passengers and to persons in the exercise of due care who are not passengers or in the employment of the authority, for personal injury and for death and for damages to property in the same manner as though it were a street railway company; <u>provided that any action for personal injuries or property damage shall be commenced only within two years after the date of such injury or damage</u>....(emphasis supplied).

This action was filed on September 21, 2001, nearly three years after the incident in question. Accordingly, the MBTA Statute of Limitations applies.

---

[1] The MBTA Defendants do not concede that these Counts were filed within an appropriate time for Statute of Limitations purposes. For purposes of this motion, however, the MBTA Defendants do not currently challenge these Counts on such grounds.

The MBTA Statute of Limitations has been challenged and repeatedly reaffirmed by the Supreme Judicial Court. See, e.g., Lavecchia v. MBTA, 441 Mass. 240, 804 N.E.2d 932 (2004); Hearn v. MBTA, 389 Mass. 404, 450 N.E.2d 602 (1983). The Lavecchia Court last year provided an extensive review of the MBTA Statute of Limitations and upheld it against challenge. 441 Mass. at 244-246, 804 N.E.2d 932.

B.   Claims Against Sullivan and Does 1-10

The same logic set forth concerning claims against the MBTA also applies to the similar common tort claims directed against Sullivan and Does 1-10. In Plaintiff's claims against these defendants, Sena has contended that "[a]t all times material hereto, Defendants Sullivan and Does 1-10 were employees, servants, and/or agents of Defendant MBTA, and were acting within the course and scope of their employment as duly appointed police officers, and under color of law." Complaint, ¶ 5. Assuming, for this motion only, that these asserted facts are accurate, each of these MBTA employees is also protected by the terms of the MBTA Statute of Limitations.

In Walker v. MBTA, 24 Mass. App. Ct. 8, 505 N.E.2d 566 (1987), the Appeals Court addressed the issue whether an MBTA employee acting within the scope of his employment could assert the protection of the MBTA Statute of Limitations. The Walker Court held that in such instances the MBTA was the real party in interest and that all claims against MBTA employees would be subject to the same statute of limitations as the MBTA itself. See id., 24 Mass App. Ct. at 11, 505 N.E.2d at 566. Accordingly, all the aforementioned claims directed against Sullivan and Does 1-10 must be dismissed.

III.  CONCLUSION

For the foregoing reasons, the MBTA Defendants respectfully request that Counts III-VII directed against the MBTA, Counts X-XIV directed against Sullivan, and Counts XVII-XIX directed against Does 1-10 be dismissed with prejudice.

    Respectfully submitted,

    MASSACHUSETTS BAY
    TRANSPORTATION AUTHORITY,
    RICHARD SULLIVAN and
    JOHN DOES 1-10,

    By their attorney,

    Jonathan P. Feltner
    BBO #162560
    MBTA Law Department
    Ten Park Plaza
    Boston, MA. 02116
    (617) 222-3175

Dated: January 25, 2005